IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. PRUGH, | ) | CASE NO. 4:22-CV-01275-JDG |
| Plaintiff, | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| HILLTRUX TANK LINES, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. (Doc. No. 18) Before the Court is a Motion for Summary Judgment filed by Defendant. (Doc. No. 25) Plaintiff filed a Response in Opposition (Doc. No. 26) and Defendant filed a Reply (Doc. No. 27).

For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

### I. Factual Background

Defendant Hilltrux Tank Lines, Inc. ("Defendant" or "Hilltrux") is a commercial trucking business, primarily engaged in the hauling and delivery of petroleum products. (Doc. No. 25-2, ("Prather Aff.") ¶ 3) Plaintiff Michael Prugh ("Plaintiff" or "Prugh") worked as a driver for Hilltrux for approximately 13 years. (Doc. No. 1 at 1 ("Cmplt."); Prather Aff. ¶4) Between April 2007 and March 2019, Hilltrux compensated Prugh using a percentage model, meaning Prugh was compensated a percentage of the gross revenue generated on each load Prugh transported or delivered to Hilltrux customers ("Percentage Model"). (Id. ¶7) Under the Percentage Model, Prugh delivered "considerably less" loads than any other Hilltrux driver. (Id. ¶8). As a result, Prugh was among the lowest paid Hilltrux drivers during this period. (Id. ¶ 8) Hilltrux policy

1

permitted its drivers to choose from one of two compensation models. (Id. ¶10) In addition to the Percentage Model, Hilltrux also offered hourly compensation. (Id.) Hilltrux policy permitted drivers the option of changing their preferred compensation model (i.e. percentage or hourly model). (Id.) In March 2019, Prugh elected to switch his compensation from the Percentage Model to an hourly rate of pay. (Id.) After switching to an hourly rate, Prugh eventually became Hilltrux's highest paid driver. (Id. ¶11) Although Prugh received the highest compensation, he had one of the lowest total number of deliveries. (Id. ¶13)

In March 2020, Hilltrux laid off 9 of its 47 employees, including Prugh, due to a slow-down in business. (Id. ¶¶ 15-17, 19, 22.) At the time of the layoffs Prugh was 58 years old. (Id. at ¶24; Cmplt. ¶6) The layoffs were limited to mechanics and drivers. (Id.) In May and June of 2020, Hilltrux recalled 6 of its laid off employees. (Prather Aff. ¶¶ 23-24.) 3 of the laid off workers were not recalled, including Prugh. (Id.)

Out of the 9 employees Hilltrux laid off in March 2020, 3 of the employees were over the age of 40 and 6 employees were under the age of 40. (Id.) In the under 40 age group, 4 out of the 6 employees were recalled. (Id.) In the over 40 age group, Prugh was the only of the 3 laid off employees not recalled. (Id.) In July 2020, Hilltrux hired a new truck driver who was over 60 years old. (Id., ¶ 28). In November 2020, Hilltrux hired another new truck driver who was over 50 years old. (Id., ¶29).

## II. Procedural Background

After Prugh was not rehired, he filed an age discrimination charge against Hilltrux with the Equal Employment Opportunity Commission ("EEOC"). (Cmplt. at 2, ¶5) The EEOC dismissed the charge in May 2022. (Id.; Doc. No. 1-3 at 1.) The EEOC made no finding on the merits of Prugh's claim, but provided Prugh with a notice of his right to sue within 90 days of the

EEOC dismissal. (Id.) On July 19, 2022, Prugh filed a Complaint with this Court alleging that Hilltrux violated the Age Discrimination in Employment Act of 1967 ("ADEA") by not rehiring him. On August 3, 2022, Hilltrux answered Prugh's Complaint. (Doc. No. 5.) On November 14, 2022, Prugh filed an Amended Complaint.[1] (Doc. No. 23, "Amend. Cmplt.".) The next day, Hilltrux filed an answer to the Amended Complaint. (Doc. No. 24.)

On December 7, 2022, Hilltrux filed a Motion for Summary Judgment. (Doc. No. 25.) Attached to the motion is an affidavit from Hilltrux President James Prather. (Id.) Prugh filed a response in opposition on December 20, 2022.[2] (Doc. No. 26.) Hilltrux filed a reply on January 2, 2023. (Doc. No. 27.) Hilltrux's motion is now ripe and ready for consideration.

### III. Standard of Review

Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). The purpose of summary judgment is to determine if there is a need for a trial due to genuine factual issues which need resolution. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If, based on all the available proof, a reasonable jury could only find for one party at trial, then a

---

[1] The Amended Complaint supplemented, but did not supersede the original Complaint. Thus, the Court will use the term "Complaint" when referring to either the Amended Complaint or the original Complaint. However, the Court will provide citations to the appropriate document as necessary.

[2] Prugh's response is not in argument form. It consists of numbered admissions and denials to factual statements made in Prather's affidavit and Hilltrux summary judgment motion. Because of the documents content and formatting, the Court construes Prugh's response as an "affidavit." The Federal Rules no longer require a formal affidavit signed by a notary, but unsworn declarations must state that an affiant "declares under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on (date)" and signed. see 28 U.S.C. § 1746. Prugh's "affidavit" does not contain "penalty of perjury" language and is undated. Therefore, Prugh's affidavit is not a proper sworn declaration under § 1746 and the Court must exclude it. *Id.*; *Hart v. Lutz,* 102 F. App'x 10, 13 (6th Cir. 2004)(Finding district court properly disregarded unsworn statements). However, even if Prugh's response was a proper sworn declaration, it would not change the Court's ruling because Prugh's response did not raise any genuine issue of material fact that would preclude summary judgment.

trial is unnecessary, and the Court may enter a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). *See also Barrett v. Lucent Technologies*, 36 F. App'x 835, 840 (6th Cir. 2002) ("Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.").

The moving party has the initial burden of demonstrating there is no genuine issue of material fact. The moving party may meet this burden by establishing the non-moving party lacks evidence to support an essential element of their case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989.) Conversely, if it is the moving party who carries the burden of proof for a claim, they may establish no genuine issue of material fact by setting forth evidence which would result in a directed verdict at trial. *See Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986); *See also Kassouf v. U.S. Liability Co.*, Case No. 1:14CV2656, 2015 WL 5542530, at *3 (N.D. Ohio Sept. 18, 2015).

Once the moving party meets this burden, the non-moving party must then present evidence which establishes genuine factual issues which require a trial. *Celotex Corp.*, 477 U.S. at 325. The non-moving party may not rest "upon the mere allegations of their pleadings nor upon general allegations that issues of fact exist." *Shell v. Lautenschlager*, Case No. 1:15CV1757, 2017 WL 4919206, at *1 (N.D. Ohio Oct. 31, 2017). Indeed, the non-moving party must support their position with "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). *See also Celotex Corp.*, 477 U.S. at 324. And must "present more than a scintilla of evidence" to support their position. *See Garza v. Norfolk S. Ry. Co.*, 536 F. App'x 517, 519 (6th Cir. 2013).

When reviewing the evidence, the court must view all the evidence and inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If after analyzing the body

4

of evidence presented by both parties, the Court finds no reasonable jury could find in favor of the non-moving party, summary judgment must be entered. *Kassouf*, 2015 WL 5542530, at *3.

## IV. Law and Analysis

Prugh filed suit under the ADEA (29 U.S.C. §§ 621–634), alleging that Hilltrux discriminated against him by treating younger employees more favorably in their layoff and rehiring process. The ADEA prohibits an employer from "discriminating against an employee over the age of forty because of the employee's age." *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015). Age discrimination under the ADEA can be established by "either direct or circumstantial evidence." *Martin v. Toledo Cardiology Consultants*, Inc., 548 F.3d 405, 410 (6th Cir. 2008); *Logan v. Denny's, Inc*., 259 F.3d 558, 567 (6th Cir. 2001) ("The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both.") (quotation omitted)).

Direct evidence in an ADEA case is "rare." *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). As the Sixth Circuit has explained,

> Direct evidence of discrimination is "evidence of conduct or statements by persons involved in making the employment decision directly manifesting a discriminatory attitude, of a sufficient quantum and gravity that would allow the factfinder to conclude that attitude more likely than not was a motivating *526 factor in the employment decision." *Erickson v. Farmland Indus., Inc.,* 271 F.3d 718, 724 (8th Cir.2001) (citations omitted). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age," satisfy this criteria. *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir.1989).

*Scott v. Potter*, 182 F. App'x 521, 525–26 (6th Cir. 2006). Prugh does not point to any conduct or statements that would qualify as direct evidence manifesting a discriminatory attitude by Hilltrux. In support of his age discrimination claim, Prugh points to evidence that Hilltrux rehired younger drivers instead of him, despite the fact that he had more experience and "outperformed" almost all employees in the company's safety program. (Cmplt. at 1-2, ¶¶3-4;

5

Amend. Cmplt. at 2, ¶24-26). Prugh asserts that Hilltrux "favored the under 40 years of age group over the 40 or older years of age group in a ratio of 2 to 1." Id. ¶26. Thus, Prugh's ADEA claim is based on circumstantial evidence of discrimination.

Circumstantial evidence is "proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred." *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). Where an ADEA claim is based on circumstantial evidence, the *McDonnell Douglas* test applies.[3] Under the *McDonnell Douglas* test, a party must demonstrate: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Relevant here, the "circumstances that support an inference of discrimination" include "when the employer replaced the plaintiff with a younger employee and when the employer treated similarly situated, non-protected employees more favorably." *Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 808 (6th Cir. 2020)(internal citations and quotations omitted). Meeting the four *McDonnell Douglas* elements raises a rebuttable presumption of discrimination. *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 940 (6th Cir. 1987).

If the employee is able to show that they could meet the four *McDonnell Douglas* elements, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action at issue. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 350 (6th Cir. 1998). Thereafter, the employee bears the burden of rebutting the proffered reason by proving that it was a pretext designed to mask age discrimination*. Id.* "On a motion

---

[3] In *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 175 & n. 2, 129 S.Ct. 2343, 2349 & n. 2, 174 L.Ed.2d 119 (2009), the Supreme Court expressly declined to decide whether the *McDonnell Douglas* test applies to ADEA claims. Nonetheless, after *Gross* the Sixth Circuit has held that the *McDonnell Douglas* framework may still be used to analyze ADEA claims based on circumstantial evidence. *Schoonmaker v. Spartan Graphics Leasing*, LLC, 595 F.3d 261, 264 (6th Cir. 2010); *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir.2009).

for summary judgment, a district court considers whether there is sufficient evidence to create a genuine dispute at each stage of the *McDonnell Douglas* inquiry." *Risch v. Royal Oak Police Dep't,* 581 F.3d 383, 390–91 (6th Cir.2009) (internal quotation marks and citations omitted).

The *McDonnell Douglas* framework is modified when an employee is discharged in connection with a reduction in force ("RIF"). In a RIF case, the fourth prong of the *McDonnell Douglas* test is satisfied when plaintiff provides "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990), cert. denied, 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990). " 'The guiding principle [in a RIF case] is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age.' " *Gragg v. Somerset Tech. Coll.,* 373 F.3d 763, 767–68 (6th Cir.2004) (quoting *Barnes*, 896 F.2d at 1466).

### A. *Prima Facie* Case

Hilltrux argues that Prugh is unable to establish a *prima facie* case of age discrimination. Hilltrux concedes, for the purpose of the current motion, that Prugh meets the first three elements of the *McDonnell Douglas* test but argues that Prugh cannot meet the fourth element—"that Prugh was laid off (or not recalled) due to his age and replaced by someone outside of the protected class, or that similarly situated nonprotected employees were treated more favorably." (Doc. No. 25-1 at 8.) Hilltrux also asserts that Prugh cannot provide any of the additional direct, circumstantial, or statistical evidence required in Reduction in Force ("RIF") cases. (Id.) Thus, the Court must first determine whether the heightened RIF standard applies to this case.

### 1. The RIF framework does not apply

7

The Sixth Circuit has held that a reduction in force "occurs when business considerations cause an employer to eliminate one or more positions within the company." *Barnes v. GenCorp Inc.,* 896 F.2d 1457, 1465 (6th Cir. 1990). However, "an employee is not eliminated as part of a [RIF] when he or she is replaced after his or her discharge." *Id.* Here, it is undisputed that economic considerations caused Hilltrux to lay off a portion of its workforce. However, within 2-3 months after the layoffs, Hilltrux brought back 6 of its 9 laid off employees. (Prather Aff. ¶24) Hilltrux brought back the last/6th laid off employee on June 22, 2020. (Id.) One month later, rather than rehire Prugh, Hilltrux hired a new truck driver. (Id. ¶28) Hilltrux then hired a second new truck driver in November 2020. (Id. ¶29) Based on these facts, there is a genuine dispute as to whether Prugh was replaced. *See Pierson v. Quad/Graphics Printing Corp.,* 749 F.3d 530, 538 (6th Cir. 2014)(Heightened RIF standard did not apply because there was a genuine dispute as to whether plaintiff was eliminated or replaced); *Bonfiglio v. Michigan Underground Specialists*, No. 09-13534, 2010 WL 3190829, at *4 (E.D. Mich. Aug. 12, 2010)(Finding no RIF because "although Ditch Witch was undergoing a general downsizing, Bonfiglio's position was not eliminated; it was filled by a new hire."); See also *Willard v. Huntington Ford, Inc.,* 952 F.3d 795, 809 (6th Cir. 2020)(noting that employees are "replaced" despite a gap in time of a few months between termination and the new hire). Accordingly, the heightened RIF standard does not apply.

    **2. Fourth Prong of *McDonnell Douglas***

As the heightened RIF standard does not apply, the question becomes whether Prugh can meet the fourth prong of the *McDonnell Douglas* test: "that there are circumstances that support an inference of discrimination" such as " when the employer replaced the plaintiff with a younger employee and when the employer "treated similarly situated, non-protected employees

8

more favorably." *Willard v. Huntington Ford, Inc.,* 952 F.3d 795, 808 (6th Cir. 2020)(internal quotations and citations omitted); see also *Pierson v. Quad/Graphics Printing Corp.,* 749 F.3d 530, 539 (6th Cir. 2014). For the reasons that follow, the Court concludes that Prugh is unable to meet the fourth *McDonnell Douglas* prong.

Prugh could meet the fourth *McDonnell Douglas* prong by showing either (1) he was replaced by a younger employee or (2) similarly situated non-protected employees were treated more favorably. As to the first example, Prugh cannot show he was replaced by a younger employee. At the end of June 2020, Hilltrux brought back all of its laid off drivers—except for Prugh. (Prather Aff. ¶24) One month later, Hilltrux hired a new driver. (Id. ¶ 28) The new driver was older than Prugh. (Id.) In November 2020, Hilltrux hired a second new driver who was also older than Prugh. (Id. ¶ 29) Thus, no facts show that Prugh was replaced by a younger employee.

Although Prugh was not replaced by a younger employee, he can still demonstrate a *prima facie* case of age discrimination by showing Hilltrux treated similarly situated younger employees more favorably. Prugh alleges that Hilltrux treated him differently than younger employees in two ways (1) by laying him off while younger employees continued to work, and (2) by favoring younger employees in the post-layoff recalls.

In March 2020, when Hilltrux's layoffs began, Hilltrux had 47 employees. (Prather Aff. ¶ 19). 12 of the employees worked in Hilltrux's office in managerial, administrative, or clerical capacities. (Id.) Hilltrux considered these employees "essential to continued operations" of the business and none of these employees were subject to the layoffs in spring 2020. (Id.) The remaining 35 employees worked as either truck drivers or mechanics. (Id. ¶20) Of those 35 employees, 23 were over age 40 (66%) and 12 were under age 40 (34%).[4] (Id. ¶21)

---

[4] Prugh and Hilltrux both combine mechanics and drivers in their statistical analyses for "similarly-situated" employees. In the Amended Complaint and his Response to Hilltrux's Motion for Summary Judgment, Prugh refers

9

Prugh was the first to be laid off in March 2020. (Id. ¶24) Nonetheless, Hilltrux laid of 5 drivers that month—2 in the protected class and 3 in the nonprotected class. (Id.) The next month, Hilltrux laid off two more drivers—1 in the nonprotected group and 1 in the protected group. (Id.) Hilltrux also laid off 2 mechanics in April 2020—both were in the nonprotected group. Thus, in terms of layoffs, Hilltrux laid off more nonprotected employees (4 drivers, 2 mechanics), than those in the protected class (3 drivers) even though nonprotected employees made up only 34% of Hilltrux non-administrative workforce. (Prather Aff. ¶ 21, 24.) Based on these undisputed facts, a reasonable jury could not find that Hilltrux treated younger employees more favorably in terms of its layoffs.

Prugh also argues that younger employees were favored in the recall after layoffs. The only evidence Prugh cites in favor of this argument is his statement that Hilltrux favored the under 40 years of age group by "a ratio of 2 to 1." (Amend. Cmplt., ¶26) Prugh appears to base his "2 to 1" calculus on the fact that Hilltrux rehired 4 of the 6 employees in the under 40 group and 2 out of 3 employees in the over 40 group. (Id. ¶24).

Prugh's "2 to 1" calculus ignores several important undisputed points. First, as Hilltrux points out, Prugh's statistics show that Hilltrux recalled 66.7% of both groups. Second, overall Hilltrux laid off significantly more employees in the *younger* age group than the older age group—6 of 12 (50%) under 40, 3 of 23 over 40 (13%). Third, the next two drivers Hilltrux hired in 2020 were both older than Prugh at the time of his layoff. Therefore, to infer bias would require ignoring these undisputed facts.

---

to all laid off employees as "drivers," but uses figures that incorporate drivers and mechanics. See e.g. Amend. Cmplt. ¶¶ 24-25 ("out of the 9 employees in the layoff, 6 were under 40 years of age. And 4 of them out of the 6 drivers were returned to their driving position….the other 2 drivers in the layoff were 40 or older…and they were returned to their employment); See also Doc. No. 26 at 10. Further, mechanics and drivers were the only employment positions that were part of Hilltrux's economic-based spring 2020 layoffs. Therefore, the Court assumes, for the purpose of this motion and consistent with the filings of the parties, that mechanics and drivers are similarly situated with regard to the of the 2020 layoffs and recalls.

While the Court does not weigh evidence at this stage, it cannot view Prugh's statistics in a vacuum and ignore other evidence. *Stromberger v. Tampico Beverages, Inc.*, No. 1:16-CV-01117, 2021 WL 5883379, at *9 (S.D. Ohio Dec. 13, 2021)("to infer bias would ignore the fact that the three other directors of national accounts…all his contemporaries in age—remain employed…"); *Green v. Schaeffer's Inv. Rsch.*, Inc., No. 1:09-CV-360-HJW, 2012 WL 667951, at *9 (S.D. Ohio Feb. 29, 2012)(finding plaintiff did not establish prima facie case where plaintiff relied "largely on questionable inferences drawn from limited statistics."); *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)("The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party]."; *Speck v. City of Memphis*, 594 F. Supp. 2d 905, 921 (W.D. Tenn. 2009), aff'd, 370 F. App'x 622 (6th Cir. 2010)(finding that "a reasonable juror could not find that Defendant acted with the discriminatory intent to force Plaintiff to resign because of her age" because it was "undisputed that Plaintiff's permanent replacement…was actually older than Plaintiff."); *Allen v. Diebold, Inc.,* 33 F.3d 674, 678 (6th Cir. 1994)("plaintiff must present evidence of actions taken by the employer which, if unexplained, are more likely than not based on consideration of impermissible factors.")(citations omitted))[5] "The question to be asked in

---

[5] The Court also separately notes that Prugh's statistical evidence has little probative value because the sample size (1 employee not rehired out of 7) is too small. See e.g., *Conley v. U.S. Bank Nat. Ass'n*, 211 F. App'x 402, 407 (6th Cir. 2006)("The district court was correct that this small sample size gives Conley's statistics little or no probative value. *See Simpson v. Midland–Ross Corp*., 823 F.2d 937, 943 n. 7 and 944. (6th Cir.1987) (Noting that "a number of courts have recognized that small statistical samples provide little or no probative force to show discrimination" and finding that "a single example of demotion, even if it occurred, is insufficient to support an age discrimination claim.) (citations omitted)")); *Thompson v. Fresh Products, LLC*, 985 F.3d at 526 (quoting *Peeples v. City of Detroit*, 891 F.3d 622, 635 (6th Cir. 2018))("To create an inference of age discrimination, 'statistics must show a significant disparity and eliminate the most common nondiscriminatory explanations for the disparity.' "). Although many of the above cited cases involve an analysis of the heightened RIF standard, the same rationale regarding statistical size applies to Prugh's reliance on a small statistical sample as his only evidence of discrimination.

11

deciding an employer's motion for summary judgment is whether the evidence, taken as a whole and in the light most favorable to plaintiff, is sufficient to permit a rational trier of fact to conclude that 'age was the 'but-for' cause of the challenged employer decision.' " *Scheick v. Tecumseh Pub. Sch.,* 766 F.3d 523, 532 (6th Cir. 2014)(citing *Gross,* 557 U.S. at 178, 129 S.Ct. 2343). Thus, in consideration of all of the evidence in a light most favorable to Prugh, the facts do not permit a rational trier of fact to infer that "but for" his age Prugh would have been recalled/rehired.

Based on all of the above, Prugh is unable to demonstrate a *prima facie* case of age discrimination and Hilltrux is entitled to summary judgment.

### B.  Prugh is unable to rebut Hilltrux legitimate, nondiscriminatory reason

Though summary judgment is appropriate because Prugh is unable to establish a *prima facie* case of discrimination, assuming *arguendo* that Prugh was able to make out a *prima facie* case of discrimination, Hilltrux would still be entitled to summary judgment because Hilltrux has proffered a legitimate, nondiscriminatory reason for not recalling Prugh which Prugh does not rebut. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 584 (6th Cir. 1992)(Because employer "articulated a legitimate non-discriminatory reason for Plaintiff's termination, to withstand summary judgment, Plaintiff had to establish that the proffered reason was pretextual.")

Hilltrux asserts that it had a legitimate, nondiscriminatory explanation for not recalling Prugh—Prugh's lack of efficiency. In his affidavit, Hilltrux President James Prather stated that Hilltrux chose to not recall Prugh from layoff "simply because he was the least efficient truck driver that Hilltrux employed prior to the layoffs." (Prather Aff. ¶26, see also ¶31, 32). Prather noted that between 2007 and 2019 Hilltrux paid Prugh through a compensation model based on a percentage of gross revenue that was generated on each load transported and/or delivered to

Hilltrux's customers. (Id. ¶7) Under the compensation model, Prugh was among the lowest paid drivers at Hilltrux "because he took so long to make his deliveries." (Id. ¶8) Prather noted that overall the number of loads Prugh was able to deliver "was considerably fewer than other Hilltrux drivers." (Id. ¶9) In March 2019, Prugh elected to receive compensation through an hourly model, which eventually made Prugh the highest paid driver in the company. (Id. ¶10) Hilltrux contends that while Prugh was the highest paid driver in 2019, he made the "lowest total number of deliveries." (Id. ¶13) Thus, Hilltrux contends that they chose to layoff and not rehire Prugh due to his inefficiency.

As Hilltrux has presented a legitimate, nondiscriminatory explanation for its actions, the burden shifts to Prugh to "identify evidence from which a reasonable jury could conclude that the proffered reason is actually a pretext for unlawful discrimination." *Jackson v. VHS Detroit Receiving Hosp., Inc.,* 814 F.3d 769, 779 (6th Cir. 2016) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095, 67 L. Ed. 2d 207 (1981)). "The employer's burden is satisfied if he simply explains what he has done or produc[es] evidence of legitimate nondiscriminatory reasons." (Id.) (internal quotations omitted); *Townes v. Oprisch*, No. 5:08-CV-1218, 2009 WL 10723009, at *8 (N.D. Ohio July 31, 2009)("[D]etermination as to whether defendants have met their burden of producing evidence that a [employer's adverse action] was justified and for a legitimate, nondiscriminatory reason can involve no credibility assessment" and "is sufficient if it raises a genuine issue of fact as to whether [the defendant] discriminated against the plaintiff.")(internal citations and quotations omitted). Hilltrux has satisfied its burden by presenting evidence of a legitimate, nondiscriminatory reason for not rehiring Prugh. Thus, the burden shifts back to Prugh.

Prugh fails to demonstrate that he could meet his burden because he has not identified any evidence from which a reasonable juror could conclude that the Hilltrux proffered reason is pretext. A plaintiff can "establish pretext by showing that the proffered reason (1) has no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to warrant the adverse action." *Douglas v. Int'l Auto. Components Grp. N. Am., Inc.*, 483 F. App'x 178, 180–81 (6th Cir. 2012) quoting *Sybrandt v. Home Depot, U.S.A., Inc.,* 560 F.3d 553, 558 (6th Cir.2009) (citations and internal quotations omitted). A plaintiff may also establish pretext "by offering evidence which challenges the reasonableness of the employer's decision to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." *Id.* Prugh has not offered any evidence to challenge Hilltrux's proffered reason.

Regarding his job performance, Prugh states "he was doing a satisfactory job," and points to the fact that he "outperform[ed] virtually every other driver in the company's almost 33 month's safety program." (Cmplt. at 2, ¶4 & 3 ¶12) Prugh's outperformance of other employees in safety would not negate his inefficiency. Neither does Prugh's statement that he was doing a "satisfactory job." *Schoonmaker v. Spartan Graphics Leasing*, LLC, 595 F.3d 261, 269 (6th Cir. 2010)(An employee's "subjective views in relation to other coworkers, without more, are insufficient to establish discrimination.")

Prugh has not presented any evidence that challenges Prather's affidavit or suggests Hilltrux reason for not recalling Prugh (i.e., inefficiency) was pretext for discrimination.[6] As

---

[6] Even if the Court accepted Prugh's unsworn declaration as evidence, it does not change the Court's analysis or result. In responding to Hilltrux's evidence that Prugh was their least efficient full time truck driver prior to layoffs, because he took the longest time to make his deliveries, Prugh contends that he is "without knowledge or information sufficient to form a belief as to the truth of Defendant's statement of fact; and therefore denies it." (Prugh Opp. at 3, 7) "A blanket denial [of] the employer's articulated reasons ... is not enough; a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employer's

14

noted earlier, when a party moving for summary judgment demonstrates there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, the non-moving party must then present evidence establishing a genuine factual issue that would require trial and may not rest "upon the mere allegations of their pleadings nor upon general allegations that issues of fact exist." *Shell v. Lautenschlager*, Case No. 1:15CV1757, 2017 WL 4919206, at *1 (N.D. Ohio Oct. 31, 2017); Fed. R. Civ. P. 56(c)(1)(A). The non-moving party must support their position with "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). *See also Celotex Corp.*, 477 U.S. at 324. Prugh has not supported his position by pointing to particular parts of materials in the record.

Summary judgment is appropriate where, as here, a party has not presented sufficient evidence to rebut an employer's legitimate, nondiscriminatory justification. *See Hendershott v. St. Luke's Hosp.*, No. 20-3128, 2020 WL 6256869, at *2 (6th Cir. Aug. 25, 2020)("to overcome a motion for summary judgment, a plaintiff must produce sufficient evidence from which a jury could reasonably reject [a defendant's] explanation of why it [took an adverse action against] him.")(quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)(internal quotations omitted); *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 995 (6th Cir. 2009)(finding that even if plaintiff establishes a *prima facie* case of discrimination, they must present evidence to support a finding that the "employer's stated reason was false, did not actually motivate the demotion, or that it was not sufficient to motivated the demotions."); *Rowan v. Lockheed Martin Energy Sys*., Inc., 360 F.3d 544, 550 (6th Cir. 2004)("[T]o survive a summary judgment motion [plaintiff]

---

alleged real discriminatory motive." *Gribcheck v. Runyon*, 245 F.3d 547, 552 (6th Cir. 2001)(quoting *Irvin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir.1987)).

15

must show that a reasonable jury could conclude that the actual reasons offered by the defendant were a mere pretext for unlawful age-discrimination."); *Gribcheck v. Runyon,* 245 F.3d 547, 553 (6th Cir. 2001)(granting summary judgment because plaintiff failed to rebut employer's stated reasons for suspension); *Hawkins v. Memphis Light Gas & Water*, No. 09-2024-MA, 2011 WL 6012503, at *13 (W.D. Tenn. Dec. 1, 2011), aff'd, 520 F. App'x 316 (6th Cir. 2013)(granting summary judgment because plaintiff did not raise a genuine issue of material fact on issue of pretext); *Leavy v. FedEx Corp.,* No. 19-CV-2705-JTF-TMP, 2021 WL 4171454, at *8 (W.D. Tenn. Feb. 18, 2021), report and recommendation adopted, No. 219CV02705JTFTMP, 2021 WL 3722339 (W.D. Tenn. Aug. 23, 2021)(granting summary judgment because plaintiff "[did] not provide sufficient evidence to establish [employer's] explanation for eliminating her position was pretextual."); *Carnette v. Exide Techs., Inc.*, No. 2:07-CV-239, 2009 WL 1586783, at *11 (E.D. Tenn. June 4, 2009)(granting summary judgment where employer offered a legitimate, nondiscriminatory justification for its actions that plaintiff did not rebut). Taking all evidence and inferences in a light most favorable to Prugh, there is no genuine dispute that Hilltrux's justification is a pretext for discrimination. Thus, Hilltrux is entitled to summary judgment.

## V.  Summary

In summation, Hilltrux is entitled to summary judgment because the undisputed facts demonstrate that Prugh cannot make out a *prima facie* ADEA case. Even if Prugh could make out a *prima facie* ADEA case, Hilltrux would still be entitled to summary judgment because Prugh has not offered any evidence to rebut Hilltrux's legitimate, nondiscriminatory justification for its actions.

## VI. Conclusion

Accordingly and for all the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

Date: February 14, 2023                         *s/ Jonathan Greenberg*

                                                                Jonathan D. Greenberg
                                                                United States Magistrate Judge